**Gary KEVORKYAN, dba Gen–Mar Inc. aka Lakeside Texaco, Plaintiff–Appellant,**

v.

**TEXACO REFINING AND MARKETING, INC.; Equilon Enterprises, LLC, Defendants–Appellees.**

**No. 04–56576.**

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2006.*

Filed June 14, 2006.

---

* The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ken Sobel, Ken Sobel and Associates, San Diego, CA, for Plaintiff–Appellant.

Robin Wofford, Wilson Petty Kosmo & Turner LLP, San Diego, CA, for Defendant–Appellee.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

MEMORANDUM **

Gary Kevorkyan appeals the district court's order granting summary judgment in favor of Texaco Refining & Marketing, Inc. (Texaco), and Equilon Enterprises, LLC (Equilon). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We need not determine whether Kevorkyan presented evidence regarding the existence of an oral or written contract raising a genuine issue of material fact sufficient to withstand summary judgment. *Mustang Mktg., Inc. v. Chevron Products Co.*, 406 F.3d 600, 606 (9th Cir.2005) ("Our review is not limited to a consideration of the grounds upon which the district court decided the issues; the Court can affirm the district court on any grounds supported by the record."). Even if there was a "franchise relationship" protected by the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, *et al.* (PMPA), Texaco and Equilon were entitled to summary judgment because nonrenewal of the franchise was proper.

■ We have made clear that "[u]nder the PMPA, the franchisor has ... an obligation to renew only the franchise relationship, *not* the particular franchise." *Valentine v. Mobil Oil Corp.*, 789 F.2d 1388, 1391 (9th Cir.1986) (emphasis added). Equilon's attempts to standardize Kevorkyan's contract by requesting credit information were merely an attempt to alter the franchise. By refusing to provide the information, Kevorkyan rejected the franchisor's proposed changes. Kevorkyan does not maintain that Equilon's determination to standardize the franchise was not made in good faith or was outside the normal course of business. *See* 15 U.S.C. § 2802(b)(3)(A)(i). Thus, nonrenewal of

the franchise was permissible. *See Valentine,* 789 F.2d at 1392.

 Kevorkyan's refusal to provide Equilon with credit information it determined was necessary also constituted an "an event which is relevant to the franchise relationship and as a result of which termination of the franchise or nonrenewal of the franchise relationship is reasonable." 15 U.S.C. § 2802(b)(2)(C). Thus, termination and nonrenewal of the franchise were permissible under 15 U.S.C. § 2802(b)(2)(C), as well.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.